IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 25-38-JHS |
| CHRISTOS SINCHUK RALLIS | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this 7th day of February, 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe, based on indictment returned on January 30, 2025, that the defendant distributed child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and possessed of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). As

a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community or the defendant's appearance in court. The defendant has failed to rebut these presumptions.

  (b)  The evidence in this case is strong. The defendant operated a Kik account where he possessed and distributed child pornography. The defendant's phone additionally contained hundreds of images of child pornography.

  (c)  If convicted on the distribution of child pornography charge, the defendant faces up to 20 years' incarceration with a 5-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory restitution of at least $3,000 per victim pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014 and up to $35,000 in additional special assessments pursuant to 18 U.S.C. § 2259A. If convicted on both charges in the indictment, the defendant faces a total maximum penalty of 40 years' incarceration, with a mandatory minimum of 5 years' incarceration, a minimum 5-year term up to a lifetime of supervised release, a $500,000 fine, a $200 special assessment, a total of an additional $10,000 assessment if found to be non-indigent under 18 U.S.C. § 3014, a total of up to $52,000 in special assessments pursuant to 18 U.S.C § 2259A, and mandatory restitution of at least $3,000 per victim pursuant to 18 U.S.C. § 2259.

  (d)  If convicted, the defendant, having never served a prison sentence, faces a significant and certain period of time in prison, in excess of that which he faced merely on the prior county charges. This provides ample incentive to flee.

(e) At the time the defendant committed the child exploitation crimes described above, he was employed as a San Francisco Police Officer and Bucks County Correctional Officer, both positions of trust and authority within the community.

(f) The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of imprisonment of 5 years and a maximum of 20 years, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

\_\_\_/s/ Craig M. Straw
_____
HONORABLE CRAIG M. STRAW
United States Magistrate Judge