IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 25-CR-38 |
| | : | |
| V | : | |
| | : | |
| CHRISTOS SINCHUK RALLIS | : | CRIMINAL DIVISION |

### DEFENDANT CHRISTOS RALLIS'S SUPPLEMENTAL SENTENCING MEMORANDUM

**I. BACKGROUND**

At the scheduled sentencing hearing on January 9, 2026, this court requested that we address United States v. Grober, 624 F.3d 592 (3d Cir. 2010) and a report by the United States Sentencing Commission, Federal Sentencing of Child Pornography: Non-Production offenses (June 2021). In the interest of judicial economy, we shall not reiterate the basis for our sentence recommendations here, and respectfully request that this Honorable Court incorporate the Sentencing Memo filed on behalf of the Defendant on January 6, 2026, as if fully set forth.

**II. ARGUMENT**

A. In United States v. Grober, 624 F.3d 592, 600 (3d Cir. 2010), the Third Circuit held that a sentencing court may vary downward from the applicable guidelines based on policy disagreements with U.S.S.G. § 2G2.2. The lower court did more there. In addition to considering § 2G2.2, the court analyzed the 18 U.S.C.S. § 3553(a) factors and sentenced the defendant below the recommended guideline range. Our Third Circuit affirmed the sentence, as it was procedurally reasonable.

Judges may continue to deviate from the guideline range because of case-specific considerations, policy reasons, or both. Speares v. United States, 129 S.Ct. 840, 843 (2009); Kimbrough v. United States, 128 S.Ct. 558, 570 (2007). Undoubtedly, judges are not required to deviate based on policy grounds. If a district court does not have a policy disagreement with § 2G2.2 it is not required to vary on this basis. United States v. Derentz, 724 Fed. Appx. 126, 130 (3d Cir. 2018). Nonetheless, that does not mean that a court cannot depart based on those policy considerations. The sentencing approach remains the same and our courts are still required to consider the 3553(a) factors in sentencing an individual. See United States v. Carmichael, 2023 U. S. App. LEXIS 7812, "In Grober, we agreed that a district court could exercise its discretion to not "apply the Guidelines range recommended by § 2G2.2"if the court explained its reasoning under § 3553(a) factors." Grober, supra at P. 609.

B. Federal Sentencing of Child Pornography: Non-Production offenses (June 2021). Since Grober, the Sentencing Commission has produced two reports relating to non-contact sexual offenses, one in 2012 and one in 2021. Admittedly, those reports do not question the validity of the child pornography guidelines. Relevantly however, the Commission has identified three categories of offender behavior that they suggest should drive the guidelines:

1) The content of the offender's collection, including volume, types of sexual conduct depicted in the images, age of the victims, and the manner in which the offender had organized, maintained, and protected, his collection of time;

2) The degree of the offender's engagement with other offenders, particularly in online communities; and

3) Whether the offender had a history of engaging in other sexually abusive, exploitative, or predatory conduct.

With respect to the first factor, the Defendant's collection of child pornography was short-lived. Regarding the second factor, there is no evidence as to the degree of the offender's engagement with other offenders, particularly in online communities. Finally, there is no evidence to suggest that Rallis has a history of engaging in other sexually abusive, exploitative, or predatory conduct.

The 2021 report reads in part:

> "In the 2012 Child Pornography Report, the Commission examined the relationship between child pornography offending and other aggravating sexual conduct. The Commission reviewed social science research regarding other types of sex offending in conjunction with child pornography offending. The Commission also undertook a special coding project to determine the percentage of non- production child pornography offenders who had previously or concurrently committed other sex offenses."

The Commission found that while research had identified some correlation between viewing child pornography and other types of sex offending, most social science research suggested that viewing child pornography alone did not cause offenders to commit additional sex offenses absent other risk factors. The primary risk factors for other sex offending were holding deviant sexual beliefs and anti-sociality. The Defendant, in an extensive psychological evaluation, has not been diagnosed as having an anti-social personality.

### III.  CONCLUSION

Considering the limitations on <u>Grober</u> (but not disregarding its applicable holding), the extraordinary high guidelines in this case, the 3553(a) factors, taking into account that the Defendant has lived a law-abiding life for many years, experienced a lengthy dangerous and demanding law enforcement career, showed potential in his life, did excellent work in law enforcement, has presented outstanding character references, but suffers from a mental health

disorder and depression and anxiety that caused him to close off the outside world and ultimately engage in this behavior. He is undoubtedly troubled and in need of treatment for which he is motivated. There is no evidence of antisocial personality disorder. For years he suffered from depression and anxiety, which unfortunately was not diagnosed. Nonetheless, he takes full responsibility for his conduct. Considering the combination of factors present in this case, and not undercutting the serious nature of these crimes, it is respectfully requested (without intruding on this Court's decision alone to determine an appropriate sentence) that this Honorable Court impose a 5-year sentence.

Respectfully submitted,

s/JOHN J. FIORAVANTI, JR, ESQUIRE
Law Offices of John J. Fioravanti, Jr.
77 North Broad St. second floor
Doylestown, PA 18901
(215) 348-9133 Fax (215) 348-9191
john@jflawpa.com

s/PAUL G. LANG, ESQUIRE
Parlow & Lang, LLC
900 Northbrook Drive, Suite 120
Trevose, PA 19053
(215) 639-4400
Plang@parlowlang.com

## CERTIFICATION OF SERVICE

I, John J. Fioravanti, Jr., Esquire, and Paul G. Lang, Esquire, hereby certify that a true and correct copy of the within Supplemental Sentencing Memorandum was filed electronically and served upon the following persons in the manner indicated below, on Tuesday, February 10, 2026.

**By Email:**

*Ruth Mandelbaum, Esquire*
*Assistant United States Attorney*
*Attorney for government*
*Brian B. Piskai Senior United States Probation Officer*

s/JOHN J. FIORAVANTI, JR, ESQUIRE
Law Offices of John J. Fioravanti, Jr.
77 North Broad St. 2nd floor
Doylestown, PA 18901
(215) 348-9133 Fax (215) 348-9191
john@jflawpa.com

s/PAUL G. LANG, ESQUIRE
Parlow & Lang, LLC
900 Northbrook Drive, Suite 120
Trevose, PA 19053
(215) 639-4400
Plang@parlowlang.com